# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

PATRICK McEVOY, Respondent, v. JACOB CHARLES APPLEBY AND OTHERS, Executors AND Trustees, ETC., OF LEONARD APPLEBY, Deceased, Appellants, Impleaded WITH REMSEN APPLEBY.

*Judgment creditor — when he may bring an action to reach the income of a trust fund created for the debtor by a third person.*

APPEAL from a judgment, entered upon an order overruling a demurrer interposed to the complaint on the grounds that the court had not jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action.

The complaint alleged that the plaintiff recovered a judgment against the defendant Remsen Appleby, and that an execution was issued thereon to the sheriff of the city and county of New York, where the said Remsen Appleby then resided, and that the said execution was returned wholly unsatisfied.

That thereafter, on the 17th of March, 1879, Leonard Appleby, father of said Remsen, died leaving a last will and testament.

That the defendants Jacob Charles Appleby, John S. Sutphen and Charles Edgar Appleby were appointed trustees in and by the said will; that the said Leonard Appleby died seized and possessed of a very large estate, consisting of both real estate and personalty, and that a large portion of said real estate is situate in the city and county of New York, where said defendants reside and have a place of business, and that a large income is derived from the rents and profits of said real estate.

That by the tenth clause of said will the said testator, after making sundry specific bequests, devised and bequeathed the rest, residue

and remainder of his estate, both real and personal, and of every name and description and wheresoever situated, to his trustees above named "to receive the rents, issues and profits, dividends, interest and income of the said trust estate, and after deducting all necessary and proper charges and expenses to apply the net income as the same shall from time to time accrue, but not by way of anticipation as follows, viz. : * * * to the use of my son Remsen for life one-seventh part thereof."

That the trustees have assumed the trusts imposed upon them by the will; that the income derived from the one-seventh part of the estate given to said Remsen Appleby is much greater than is necessary for his support and maintenance, and the support and maintenance of those dependent on him, and that said trustees have in their hands a surplus over and above what is needed for his support and maintenance, and the support and maintenance of those dependent on him, and over and above what is sufficient for the payment of the plaintiff's judgment, with interest and costs.

The Court at General Term said : "We are of opinion that this case is controlled by the case of *Williams* v. *Thorn* (70 N. Y., 270), and that the provisions of the Code, sections 1879 and 2463, relied upon by the appellant have not changed or affected the rule established in that case. The Court of Appeals held in *Williams* v. *Thorn* that 'the remedy of the creditor is not confined to a surplus which has accrued and accumulated in the hands of trustees; provision may be made in the judgment determining what will be a reasonable allowance for the *cestui que trust*, and directing the application toward the payment of the judgment of any future surplus until the same is fully paid.'

"If this can be done as thus declared by the court, there seems to be no force in the distinction sought to be made by the appellant between this case, in which the trustees are directed to apply the fund and a case in which they are directed to pay over the fund to the beneficiary. In either case the power of the court to determine a reasonable allowance for the *cestui que trust* while the fund is in the hands of the trustee ought to be and is equally operative."

We think the judgment should be affimed, with costs, and with leave to answer over upon the usual terms.

*A. H. Wagner,* for the appellants.

*Dennis Quin,* for the respondents.

Opinion *Per Curiam.*

Present — DAVIS, P. J.; BRADY and INGALLS, JJ.

Judgment affirmed, with costs, and with leave to answer over on the usual terms.